IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:09-CR-194 |
| | § | |
| JOHN FREDDY CORREA (02), | § | |
| MARIA PATRICIA RODRIGUEZ | § | |
| MONSLAVE (05), | § | |
| HUGO ANCIR MEGUDAN MENDEZ (07), | § | |
| JAIME GONZALO CASTIBLANCO | § | |
| CABALCANTE (09), | § | |
| BAYRON DE JESUS GONZALEZ | § | |
| VASQUEZ (10), | § | |
| CRISTHIAN VASQUEZ ANGEL (13), | § | |
| JULIO HERNANDEO MOYA | § | |
| BUITRAGO (14), | § | |
| MARIO FERNANDO GOMEZ | § | |
| GONZALEZ (17), | § | |
| JAIRO HERNANDEZ RODRIGUEZ | § | |
| BELTRAN (18), | § | |
| FREDDY ARCINIEGAS NINO (19), | § | |
| FABIAN LORENZO IBARRA CRUZ (20), | § | |
| JORGE ALBERTO MURCIA | § | |
| RODRIGUEZ (21), | § | |
| ROBERTH WILLIAM VILLEGAS | § | |
| ROJAS (22), | § | |
| JAIME ANDRES RODRIGUEZ | § | |
| MELO (23), and | § | |
| ERIC VAN DORIAN LOPEZ | § | |
| AGUDELO (26) | § | |

### ORDER ON MOTION TO CONTINUE

Came on to be considered this day Defendant Jamie Gonzalo Costilblanco Cabalcante's Unopposed Motion to Continue (Doc. No. 211). The Court, having considered this motions, is of the opinion that said motion is meritorious and should be **GRANTED**.

Pretrial Hearing in this matter is currently set for a criminal session of this Court in the

Sherman Division of the Eastern District of Texas, commencing on March 7, 2011. As grounds for the continuance, Defendant's counsel indicates that the continuance is not for the purpose of delay, but so that justice may be served.

Rule 18 of the Federal Rules of Criminal Procedure and the Speedy Trial Act establish that a speedy trial and the prompt administration of justice are desirable ends that weigh against a continuance. Nonetheless, speed is neither the paramount, nor the only consideration. Many other important values may conflict with the need for speed in the trial of a criminal case. Delay in trial that promotes the fairness of the trial, and the purposes served by the trial, is delay well worth the administrative costs it may impose. Prompt justice must be fair, or it is not truly justice. "[A] myopic insistence upon expeditiousness in the face of a justifiable request for delay can render a right to defend with counsel an empty formality." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964); *Kirkpatrick v. Blackburn*, 777 F.2d 272, 278 (5th Cir. 1985), *cert. denied*, 476 U.S. 1178 (1986).

The Speedy Trial Act excludes any delay resulting from the grant of a continuance from the computation of time between indictment and trial, if the judge finds that the ends of justice served by granting a continuance outweigh the interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A); *see United States v. Eakes*, 783 F.2d 499 (5th Cir.), *cert. denied*, 477 U.S. 906 (1986). For the reason stated by Defendant in his motion for continuance, the ends of justice require this Court to continue the above entitled criminal action to allow defense reasonable time necessary for effective preparation. The ends of justice outweigh the best interest of the public and Defendant in a speedy trial served by taking this action. 18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act also excludes from computation "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no

motion for severance has been granted." 18 U.S.C. § 3161(h)(6). "In examining the necessity of the delay, proper consideration should be given to the purpose behind subsection (h)(7) [now subsection (h)(6)] -'accommodating the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.'" *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998) (quoting *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986)). Here, the granting of a continuance will accommodate the efficient use of prosecutorial and judicial resources by not having to try the defendants in multiple trials, and will not result in unreasonable delay. *See Franklin*, 148 F.3d at 457 (holding that the reasonableness of delay under the subsection (h)(6) (formerly, subsection (h)(7)) exclusion is measured in reference to "the totality of the circumstances" and the "actual prejudice" suffered by a defendant as a result of the exclusion.").

Therefore, in the interest of justice and pursuant to 18 U.S.C. § 3161(h)(7), Defendant Jamie Gonzalo Costilblanco Cabalcante's Unopposed Motion to Continue (Doc. No. 211) is hereby, GRANTED. It is further

**ORDERED** that this ORDER shall apply to all other defendants in this case who have not entered into a plea agreement with the Government. It is further

**ORDERED** that the new dates and deadlines are as follows**:**

**Pretrial Motions Deadline: April 18, 2011 at 5:00 p.m.**
**Responses to Pretrial Motions Deadline: April 25, 2011 at 5:00 p.m.**
**Deadline to notify court of plea agreement: May 2, 2011 at 3:00 p.m.**
**Pretrial conference in Sherman, Texas: May 9, 2011 at 9:00 a.m.**
**Jury selection and trial in Sherman, Texas: Announced at the Pretrial Conference**

Unless clearly contradicted or amended by this Order, all previous pretrial orders entered in this matter shall remain in full force and effect, including, but not limited to, those relating to such

obligations, rights and requirements as discovery, disclosure, inspection, production, copying and deadlines. In the event of conflict, this Order shall control.

**It is SO ORDERED**.

**SIGNED this 11th day of February, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE